# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

No. 14-750V
Filed: June 28, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PANAGOULA E. BEKIARIS, | * |
| Petitioner, | * Attorneys' Fees and Costs Decision; |
| | * Lack of Reasonable Basis |
| v. | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| Respondent. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Anthony F. Chapekis, Chicago, IL, for petitioner.
Ann D. Martin, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION DENYING AN AWARD OF ATTORNEYS' FEES AND COSTS[1]

On August 19, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that human papillomavirus ("HPV" or "Gardasil") vaccine administered on August 25, 2011 caused an intense skin reaction to her sweat, chlorine, and soap among other substances; hyperactivity, anxiety; skin rashes; and permanent disfigurement. Pet. Preamble and ¶¶ 4-7.

On November 21, 2017, the undersigned dismissed the case for failure to prosecute under Vaccine Rule 21(b)(1). On May 18, 2018, petitioner filed a motion for reasonable attorney's

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

[sic] fees and costs.   For the reasons set forth below, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

**PROCEDURAL HISTORY**

On August 19, 2014, petitioner filed her petition, alleging her receipt of HPV vaccine on August 25, 2011 caused an intense skin reaction to her sweat, chlorine, and soap among other substances; hyperactivity, anxiety; skin rashes; and permanent disfigurement.   Neither medical records nor an affidavit was filed with the petition.   The case was assigned to the undersigned on the same day.

On September 9, 2014, the initial status conference was scheduled for September 24, 2014.   On September 15 and 17, 2014, the undersigned's law clerk contacted petitioner's counsel to see when he would be able to file medical records.   Petitioner's counsel reported that he did not have petitioner's authorization to obtain her medical records and petitioner was studying in Greece until January 2015.   On September 17, 2014, the undersigned issued an order to reschedule the initial status conference for November 25, 2014 since petitioner's counsel filed an affidavit stating he needed additional time to obtain medical records and an affidavit.   The undersigned also suggested petitioner's counsel file a Motion for Subpoena with the court if he could not obtain authorization from his client.

During the initial status conference held on November 20, 2014, petitioner's counsel reported that he would file the medical records from petitioner's pediatrician and dermatologist by November 25, 2014.   He also stated that petitioner intended to visit additional doctors once she returned from studying abroad in Greece.   The undersigned suggested that an allergist and psychiatrist may be the most appropriate physicians for petitioner's symptoms.   The undersigned told petitioner's counsel also to file all medical records predating the vaccination by three years and an affidavit.

Petitioner did not file medical records until November 26, 2014, three months after she filed the petition.   Petitioner did not file her affidavit until July 24, 2015, eleven months after she filed her petition.   She did not file additional medical records until July 29, 2015.   Petitioner has more medical records which she has never filed.

On September 24, 2015, respondent filed his Rule 4(c) Report opposing compensation.

During a telephonic status conference held on October 14, 2015, the undersigned discussed respondent's Rule 4(c) Report with the parties and explained that in order to meet her burden of proof, petitioner must submit an expert report providing evidence that the HPV vaccine was the cause of her injuries, and that her injuries lasted for more than six months.   The undersigned gave petitioner until January 13, 2016 to file an expert report.   The undersigned asked if petitioner had any medical records after her February 4, 2014 appointment with her treating dermatologist Dr. Vassilios Dimitropoulos.   Petitioner's counsel reported that petitioner did not have updated medical records because she had been in Greece since shortly after her last

visit to Dr. Dimitropoulos.

On January 14, 2016, the undersigned granted petitioner's informal motion for an extension of time to file an expert report by February 4, 2016. Petitioner neither filed an expert report by February 4, 2016 nor asked for further extension of time.

During a telephonic status conference held on February 16, 2016, petitioner's counsel explained that petitioner was in the United States briefly and saw Dr. Dimitropoulos, who agreed to support petitioner's assertion that HPV vaccine caused her skin problems. However, petitioner's counsel did not receive any response from his attempt to contact Dr. Dimitropoulos. Petitioner's counsel said he would file updated medical records from Dr. Dimitropoulos post-dating February 14, 2014 after the status conference. The undersigned told petitioner's counsel to obtain any records from Greek doctors and file them. Petitioner filed neither the updated medical records from Dr. Dimitropoulos post-dating February 14, 2014 nor any records from Greek doctors.

During a telephonic status conference held on April 7, 2016, petitioner's counsel reported that petitioner was scheduling appointments with specialists in Greece.

On May 17, 2016, petitioner's counsel reported during a telephonic status conference that he decided not to depose Dr. Dimitropoulos. Instead, petitioner visited Dr. Ioannis Moissidis in Athens, Greece who is board certified in the United States as an immunologist and allergist. The undersigned gave petitioner until July 5, 2016 to file medical records and an expert report from Dr. Moissidis. Petitioner did not file Dr. Moissidis's report on July 5, 2016.

During a status conference held on July 14, 2016, petitioner's counsel explained that Dr. Moissidis determined to do advanced allergy tests on petitioner in order to decide whether to write an expert report supporting her allegations. The undersigned gave petitioner one year from that day to file an expert report from Dr. Moissidis and scheduled a status conference for July 13, 2017.

On May 5, 2017, the undersigned issued an order saying if petitioner did not file an expert report by July 13, 2017, the undersigned would dismiss the case for failure to prosecute under Vaccine Rule 21(b)(1).

On July 7, 2017, petitioner moved for discovery of samples of HPV vaccine used in 2011 because, subsequent to that time, the formula for HPV had changed. On July 10, 2017, the undersigned issued an order denying petitioner's motion for discovery because it was not reasonable or necessary to obtain samples of the 2011 formulation of HPV vaccine, if they even existed, or the other materials petitioner requested in her motion. Doc 34, at 7. Dr. Moissidis or anyone else who was petitioner's expert must review petitioner's medical records and evaluate whether HPV vaccine can cause petitioner's alleged injuries. Id.

During a status conference held on July 13, 2017, petitioner's counsel stated that

petitioner was less than responsive. The undersigned issued an Order stating that if petitioner did not file medical records from Dr. Moissidis by November 17, 2017, the undersigned would dismiss the case for failure to prosecute under Vaccine Rule 21(b)(1). Petitioner did not file anything by November 17, 2017.

On November 21, 2017, the undersigned dismissed the case for failure to prosecute.

On May 18, 2018, petitioner filed a motion for reasonable attorney's [sic] fees and costs. Petitioner requests $19,630.00 in attorneys' fees and $164.73 in attorneys' costs, for a total request of $19,794.73.

On May 31, 2018, respondent filed a response to petitioner's motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

This matter is now ripe for adjudication.

## DISCUSSION

I. **Entitlement to Fees Under the Vaccine Act**

   a. **Legal Standard**

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims may award fees and costs to an unsuccessful petitioner if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard. Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Petitioners are "entitled to a presumption of good faith." Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Rules. It has been determined to be an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011). Traditionally, special masters have been "quite generous" in finding reasonable basis. Turpin v. Sec'y of HHS, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); see also Austin v. Sec'y of HHS, No. 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("The policy behind the Vaccine Act's extraordinarily generous provisions authorizing attorney fees and costs in unsuccessful cases—ensuring that litigants have ready access to competent representation—militates in favor of a lenient approach to reasonable basis."). However, "Fee denials are

expected to occur. A different construction of the statute would swallow the special master's discretion." Chuisano v. United States, 116 Fed. Cl. 276, 286 (Fed. Cl. 2014). See also Dews v. Sec'y of HHS, No. 13-569V, 2015 WL 1779148, at *2 (Fed. Cl. Spec. Mstr. Mar. 30, 2015) (in which the undersigned found HPV vaccine did not cause vaccinee's DSRC cancer, a genetically-caused disease, and petitioner was not entitled to attorneys' fees and costs because she did not have a reasonable basis to bring the petition).

In determining reasonable basis, the court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." Turner, 2007 WL 4410030, at *6 (citing Di Roma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). Factors to be considered include factual basis, medical support, jurisdictional issues, and the circumstances under which a petition is filed. Turner, 2007 WL 4410030, at *6–*9. However, the Federal Circuit has recently clarified in Simmons that "a looming statute of limitations deadline . . . has no bearing on whether there is reasonable factual basis 'for the claim' raised in the petition. That is an objective inquiry unrelated to counsel conduct." Simmons v. Sec'y of HHS, 875 F. 3d 632, 636 (Fed. Cir. 2017).

### b. Good faith and reasonable basis

Petitioner is entitled to a presumption of good faith, and respondent does not contest that the petition was filed in good faith. Grice, 36 Fed. Cl. at 121. There is no evidence that this petition was brought in bad faith. Therefore, the undersigned finds that the good faith requirement is satisfied. However, for the reasons outlined below, the undersigned finds petitioner did not have a reasonable basis to bring her claim.

Counsel has a duty to investigate a claim before filing it. In Rehn v. Sec'y of HHS, Judge Lettow explained: "if an attorney does not actively investigate a case before filing, the claim may not have a reasonable basis and so may not be worthy of attorneys' fees and costs." 126 Fed. Cl. 86, 93 (Fed. Cl. 2016). The billing records reflect that petitioner initially made contact with counsel on May 27, 2014, or 84 days before she filed her petition on August 19, 2014. Petitioner's counsel then waited 52 days without doing due diligence by not requesting petitioner's medical records to start working on the case. According to petitioner's counsel's invoice, counsel billed 0.5 hours for talking with petitioner "concerning records" on August 15, 2014; billed a combined 3.5 hours for reviewing treatment records and vaccine information on August 18, 2014. Doc 43-1, at 1. However, petitioner filed no medical records with her petition.

About one month after the petition was filed, on September 15 and 17, 2014, the undersigned's law clerk contacted petitioner's counsel to see when he would be able to file medical records. Petitioner's counsel reported that he did not have petitioner's authorization to obtain her medical records. On September 17, 2014, petitioner's counsel filed an affidavit stating he needed additional time to obtain medical records and an affidavit. Petitioner did not file medical records until November 26, 2014, three months after she filed the petition. Petitioner did not file her affidavit until July 24, 2015, eleven months after she filed her petition. She did not file additional medical records until July 29, 2015. Petitioner did not file any

5

medical records from an immunologist or allergist.  She did not file any medical records from a neurologist, psychologist, or psychiatrist supporting her allegations that HPV vaccine caused her anxiety and panic attacks.  The medical records petitioner filed do not support petitioner's allegations.

Petitioner's attorney has used the excuse that he could not obtain medical records from petitioner because she has been in Greece for years.  According to petitioner's attorney during a telephonic status conference on October 14, 2015, petitioner did not see a doctor in Greece.  On April 7, 2016, petitioner's counsel told the undersigned during a status conference that petitioner was seeking medical care in Greece.  On May 17, 2016, petitioner's counsel told the undersigned during a telephonic status conference that petitioner saw an immunologist and allergist Dr. Moissidis, in Greece, who would write a report in English.  On July 14, 2016, petitioner's attorney told the undersigned during a telephonic status conference that Dr. Moissidis never sent his expert report or medical records to petitioner's counsel.  Petitioner never filed a medical expert opinion in support of her allegations.

Simmons holds that a looming statute of limitations deadline has no bearing on whether there is an objective reasonable basis for the claim set forth in the petition.  Simmons, 875 F. 3d at 636.  There will always be a looming statute of limitations if counsel waits long enough.  The reasonable basis analysis must focus on whether there is objective evidentiary support for the claim set forth in the petition.  Id.  Petitioner had no reasonable expectation that she would prove that HPV vaccine caused her rashes and other alleged injuries when her allegations were unsubstantiated by any medical records or medical opinion.

## CONCLUSION

The undersigned finds petitioner did not have a reasonable basis to file a petition. Therefore, the undersigned **DENIES** petitioner's motion for attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: June 28, 2018                              s/ Laura D. Millman
                                                   Laura D. Millman
                                                   Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.